UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MONICA HELM                                    CIVIL ACTION NO. 25-cv-2036

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

EASTGATE ASSOCIATES ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendant Eastgate Associates, LLC filed its Diversity Jurisdiction Disclosure Statement (Doc. 9) and alleged that it "is a limited liability *corporation* whose members *reside* in Florida and North Carolina." (Emphasis added.) Presumably, Eastgate meant to identity itself as a limited liability *company* and not a corporation. If so, the allegation of where its *unidentified* members *reside* is not sufficient to establish its citizenship for purposes of diversity jurisdiction. Eastgate will need to identify its members and allege the state in which they are citizens, which for individuals is the state in which they are domiciled (not where they merely reside.)

The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced

through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

If the members are individuals, it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).

Eastgate must file an **Amended Diversity Jurisdiction Disclosure Statement** that identifies its members and specifically alleges their citizenship in accordance with applicable rules no later than **January 21, 2026**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of January, 2026.

Mark L. Hornsby
U.S. Magistrate Judge