UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MONICA HELM                                CIVIL ACTION NO. 25-2036

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

EASTGATE ASSOCIATES, LLC,                  MAGISTRATE JUDGE HORNSBY
ET AL.

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 11) filed by Defendant Haverty Furniture Companies, Inc. ("Haverty"). Defendant Eastgate Associates, LLC ("Eastgate") filed an opposition (Record Document 14), and Haverty filed a reply (Record Document 15). For the reasons set forth below, the Motion is **GRANTED**.

### FACTUAL BACKGROUND

This matter arises from an alleged trip-and-fall incident that occurred on September 25, 2024, at the Eastgate Shopping Center located at 1744 East 70th Street in Shreveport, Louisiana. See Record Document 14-1 at 1. Plaintiff Monica Helm ("Helm") alleges that she was walking "on the outside sidewalk of the Eastgate Shopping Center near the Haverty Furniture Store" when her foot caught on a gap in the seam of the sidewalk, causing her to fall. Id. at 1–2. Helm contends that the presence of a gap in the sidewalk created an unreasonably dangerous condition. See id. at 2. She filed suit against Eastgate (the owner/landlord), KRP Shreveport, LLC ("KRP"), and Haverty.

Haverty now moves for summary judgment, arguing that it did not own, lease, possess, control, or maintain the sidewalk where Helm alleges her fall occurred and therefore owed no duty to Helm. See Record Document 11-4. In support of its motion, Haverty submitted the Lease Agreement governing its tenancy at the shopping center.

See Record Document 11-2. Eastgate opposes the motion, arguing that there is a factual dispute regarding the exact location of the fall and that summary judgment is premature because discovery is in its early stages. See Record Document 14.

## LAW AND ANALYSIS

### I. Applicable Standards

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the

record as a whole "could not lead a rational trier of fact to find for the non-moving party ...." Id.

   II.   Analysis

This Court's jurisdiction is based on diversity of citizenship. Accordingly, the Court applies federal procedural law and Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

Louisiana negligence law is analyzed under the duty-risk framework. "The determination of liability in a negligence case usually requires proof of five separate elements: duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages. 'The first element is usually a judge question, and the other four are usually jury questions unless reasonable minds could not differ.'" Griffin v. Kmart Corp., 776 So. 2d 1226, 1231 (La. App. 5th Cir. 2000) (internal citations omitted).

Because Haverty's liability depends on whether it has a duty to maintain the sidewalk, this question of law is appropriate for the Court to determine at the summary judgment stage. If Haverty owed no such duty, then Helm's claim against Haverty fails as a matter of law.

 The Lease Agreement between Eastgate (Landlord) and Haverty (Tenant) clearly explains the scope of each party's responsibilities. See Record Document 11-2. Section 2.02(A) of the Lease defines "Common Areas" to include "sidewalks." Record Document 11-2 at 11. The Lease further provides that "[t]hroughout the Lease Term, Landlord shall keep, repair and maintain … the Common Areas …." Id. Additionally, Section 7.02 limits Haverty's maintenance obligations to specific areas and items. See id. at 23. The Lease

contains no provision requiring Haverty to maintain or repair sidewalks or other Common Areas. See id.

Helm's Petition alleges that she fell on the "outside sidewalk" of the shopping center near the Haverty store and that the alleged defect was a gap in the sidewalk. See Record Document 14-1 at 1. Sidewalks are expressly categorized as Common Areas under the Lease, and responsibility for maintaining Common Areas is assigned to the Landlord. See Record Document 11-2 at 11. Eastgate does not dispute the authenticity of the Lease Agreement or identify any provision imposing sidewalk maintenance obligations on Haverty.

Eastgate argues that there is a factual dispute regarding the exact location of the alleged defect. However, the precise point along the sidewalk where the fall occurred does not alter the legal analysis. The Lease assigns maintenance responsibility for sidewalks to Eastgate. Eastgate has not produced evidence that Haverty exercised custody or control over the sidewalk, performed repairs, assumed responsibility for maintenance, or created the alleged defect.

Louisiana courts have consistently held that a tenant is not liable for defects in common areas when the lease assigns maintenance and control of those areas to the landlord. See Honore v. Fam. Dollar Stores of Louisiana, Inc., 115 So. 3d 1234 (La. App. 3d Cir. 2013); see also Leaming v. Cent. Vina, Inc., 908 So. 2d 21, 24 (La. App. 4th Cir. 2005), writ denied, 925 So. 2d 1253 (La. 2006), and writ denied, 925 So. 2d 1254 (La. 2006). Here, the undisputed Lease Agreement establishes that Haverty neither owned nor had responsibility for maintaining the sidewalk where Helm alleges her fall occurred.

Eastgate also contends that summary judgment is premature because discovery is in its infancy. Rule 56(d) permits a court to defer ruling on a motion for summary judgment if the nonmovant shows, by affidavit or declaration, that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Eastgate has not submitted an affidavit identifying specific facts that additional discovery would reveal or explaining how such discovery would create a genuine issue of material fact. The Fifth Circuit has made clear that a party seeking additional discovery must demonstrate how that discovery will create a genuine issue of material fact. See Six Flags, Inc. v. Westchester Surplus Lines Ins. Co., 565 F.3d 948, 963 (5th Cir. 2009). Eastgate has not made that showing.

Under Louisiana's duty-risk analysis, the existence of a duty is a threshold question of law. The undisputed Lease Agreement establishes that sidewalks are Common Areas and that Eastgate bears the sole responsibility for maintaining and repairing those areas. See Record Document 11-2 at 11. Because Haverty neither owned, controlled, nor had a contractual duty to maintain the sidewalk where Helm alleges her fall occurred, Haverty owed no duty to Helm as a matter of law.

## CONCLUSION

Based on the reasons explained above, Haverty's Motion for Summary Judgment Record Document 11) is **GRANTED**. Further, Haverty is **DISMISSED** from this litigation.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT